**Dave STAHLY; Mel Davis,**
**Plaintiffs–Appellants,**

v.

**SALOMON SMITH BARNEY, INC., a New York corporation, by and through its division, The Consulting Group; Citigroup Global Markets, Inc., a New York corporation, Defendants–Appellees.**

No. 06–35041.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2009.

Filed March 18, 2009.

Stephen F. English, Esq., R. Daniel Lindahl, Esq., David R. Foster, Esq., Thomas L. Hutchinson, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Plaintiffs–Appellants.

Steven K. Blackhurst, Esq., Ater Wynne Hewitt Dodson & Skerritt, Portland, OR, Gilbert A. Serota, Esq., Ceide Zapparoni, Esq., Howard Rice Nemerovski Canady Falk & Rabkin A Professional Corporation, San Francisco, CA, for Defendants–Appellees.

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

## MEMORANDUM*

Plaintiffs Dave Stahly and Mel Davis, who are trustees of (respectively) a Pension Trust Plan and a 401(k) Plan administered by the United Association Local No. 290 Plumber Steamfitter Shipfitter Industry ("Union"), appeal the district court's grant of summary judgment to Defendant Salomon Smith Barney, Inc. Reviewing de novo, *Dominguez–Curry v. Nev. Transp. Dep't,* 424 F.3d 1027, 1033 (9th Cir.2005), we affirm.

■ 1. The district court did not err in granting summary judgment to Defendant on the contract claims. The text of the 1999 written contracts is clear and unambiguous: Defendant did not agree to monitor generally the private investments of Capital Consultants, Inc. *See Yogman v. Parrott,* 325 Or. 358, 937 P.2d 1019, 1021 (1997) (holding that the first step of contract analysis is to examine the text and its context and, "[i]f the provision is clear, the analysis ends"). The contracts expressly state that private investments "are not included in this agreement." In context, the term "this agreement" clearly refers to the whole agreement.

■ Even if the contract term were susceptible of more than one reasonable interpretation, the parties' course of conduct demonstrated that Defendant did not undertake the tasks now claimed. *See Yogman,* 937 P.2d at 1022 (holding that the second step is examination of extrinsic evidence, including "the parties' practical construction of an agreement"). For years, both before and after 1999, Defendant expressly stated in every quarterly report that it was not monitoring private investments. Further, Plaintiffs conceded at oral argument that Defendant's due dili-

gence reports, which Plaintiffs argued evidenced a course of conduct consistent with a duty to more closely monitor Capital Consultants, Inc., were neither created for Plaintiffs' benefit, nor ever presented to Plaintiffs before discovery in this litigation.

Finally, Plaintiffs admitted in district court that the course of conduct pre–1999 (before the written agreement) was identical in scope to the 1999 written contract. *See Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir.1988) (holding that factual admissions in pleadings are binding on the parties); D. Or. Civ. R. 56.1(f) ("For purposes of a motion for summary judgment, *material facts set forth in the concise statement of the moving party,* or in the response to the moving party's concise statement, *will be deemed admitted* unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." (emphasis added)). Plaintiffs' contract claims arising from a pre–1999 agreement therefore fail as well.

■ 2. The district court did not err in granting summary judgment to Defendant on the tort claims. Plaintiffs cannot prevail because they cannot establish that they were in a "special relationship" with Defendant. *See Bennett v. Farmers Ins. Co. of Or.,* 332 Or. 138, 26 P.3d 785, 799 (2001); *Conway v. Pac. Univ.,* 324 Or. 231, 924 P.2d 818, 821–22 (1996). Nothing in the record suggests that Defendant exercised "control" or independent "judgment" on behalf of Plaintiffs. *Bennett,* 26 P.3d at 799; *see also Jones v. Emerald Pac. Homes, Inc.,* 188 Or.App. 471, 71 P.3d 574, 579 (2003) ("[T]he fact that a relationship bears the label 'professional' does not, by

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

itself, mean that the relationship creates a heightened duty of care.").

■ 3. The district court did not err in granting summary judgment to Defendant on the "substantial assistance" claims. *See Granewich v. Harding,* 329 Or. 47, 985 P.2d 788, 792 (1999) (holding that section 876(b) of the *Restatement (Second) of Torts* (1979) defines a cognizable claim under Oregon law). Among other reasons, Plaintiffs cannot demonstrate that Defendant's conduct rose to the level of "substantial assistance or encouragement" to others to violate their fiduciary duties. *Restatement* § 876(b). At most, Defendant's conduct amounted to a failure to disclose information. *See Reynolds v. Schrock,* 197 Or.App. 564, 107 P.3d 52, 59 (2005) (adopting "a strict and narrow construction" of this tort and holding that " 'substantial assistance' or 'encouragement' of the client's breach of fiduciary duty would consist of, for example, affirmative conduct that actually furthers the client's breach of fiduciary duty"), *rev'd on other grounds,* 341 Or. 338, 142 P.3d 1062 (2006).

■ 4. The district court did not err in granting summary judgment to Defendant on the fraud claims. *See Estate of Schwarz v. Philip Morris, Inc.,* 206 Or. App. 20, 135 P.3d 409, 422 (2006) (en banc) (identifying the nine elements of fraud). There is no evidence that Defendant knowingly made a false statement. *Id.* Furthermore, even if Defendant did knowingly make a false statement, there is no evidence that Plaintiffs relied on any such statement. *Id.*

■ 5. The district court did not err in granting summary judgment to Defendant on the claims brought under the Employee Retirement Income Security Act of 1974 ("ERISA"). Each of Plaintiffs' ERISA claims requires that Defendant was an ERISA fiduciary. Viewing the evidence in the light most favorable to Plaintiffs, Defendant was not an ERISA fiduciary. *See* 29 U.S.C. § 1002(21)(A)(ii) ("[A] person is a fiduciary with respect to a plan to the extent … he [A] renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or [B] has any authority or responsibility to do so." (letters added for clarity)). Defendant's actions—attendance at trustee meetings and the preparation of quarterly financial reports—do not constitute the rendering of "investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property" of the Plans. *Id.; see CSA 401(K) Plan v. Pension Prof'ls, Inc.,* 195 F.3d 1135, 1139 (9th Cir.1999) ("PPI's functions included the preparation of quarterly and annual financial reports based upon information provided to PPI by CSA, both of which are ministerial tasks that do not give rise to fiduciary liability."). Additionally, Defendant did not "exercise[ ] actual control or discretionary authority over the Plan[s] [themselves], and therefore it cannot be deemed a fiduciary under ERISA." *Id.* at 1140; *see also Ariz. State Carpenters Pension Trust Fund v. Citibank (Ariz.),* 125 F.3d 715, 722 (9th Cir.1997) ("Having to make a decision in the exercise of a ministerial duty does not rise to the level of discretion required to be an ERISA fiduciary.").

AFFIRMED.